UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


REANEY BERGER                               CIVIL ACTION


VERSUS                                      NO: 12-2158


NATIONAL FLOOD INSURANCE                    SECTION: "J"(3)
PROGRAM

### ORDER AND REASONS

Before the Court are Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment **(Rec. Doc. 9)**, Plaintiff's Motion to Continue the Hearing on Defendant's Motion **(Rec. Doc. 10),** Plaintiff's opposition to Defendant's motion (Rec. Doc. 13), and Defendant's reply. (Rec. Doc. 17) Defendant's Motion was set for hearing on the briefs on Wednesday, January 2, 2013. Plaintiff's Motion to Continue was set for hearing on January 16, 2013.[1] In its Motion, Defendant requests that the Court dismiss Plaintiff's claims with prejudice for two reasons. First, Defendant contends that Plaintiff failed to file a timely, signed, and sworn

---

[1] On December 25, 2012, Plaintiff moved to continue the January 2, 2013 hearing on Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment and moved to expedite the January 16, 2013 hearing on his motion to continue. (Rec. Docs. 10, 11) On January 31, 2013, the Court denied the motion to expedite as moot.

proof of loss with supporting documentation within sixty days of his alleged loss, as required under his Standard Flood Insurance Policy. Second, Defendant contends that Plaintiff's state law claims are expressly preempted by federal law.

Plaintiff requests that the Court treat Defendant's motion as a Motion for Summary Judgment and continue the hearing on Defendant's motion to allow him to conduct discovery to determine: (1) what documentation FEMA received and how FEMA processed that documentation, and (2) whether there is any basis to assert waiver or estoppel against FEMA with respect to the proof of loss requirement. Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for reasons expressed more fully below, that Plaintiff's Motion to Continue the Hearing on Defendant's Motion **(Rec. Doc. 10)** should be **DENIED**. Furthermore, the Court construes the Defendant's Motion **(Rec. Doc. 9)** as a Motion for Summary Judgment and, for reasons expressed more fully below, finds that it should be **GRANTED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On August 23, 2012, Plaintiff filed the instant suit against the National Flood Insurance Program ("NFIP"),[2] predicating

---

[2] Although Plaintiff named the National Flood Insurance Program as Defendant, the Administrator of the Federal Emergency Management Agency ("FEMA"), Craig Fugate, has appeared in the instant motion. The Administrator asserts that he is the proper party to the instant action, because as federal agencies or components of the United States Department of Homeland Security, FEMA and the NFIP cannot be sued *eo nomine*. The Administrator notes that FEMA will not move to dismiss the case for failure to file suit against the proper party, but requests that the Court recognize him as the proper party. The Court recognizes the Administrator of FEMA as the proper party to the instant action. See 42 U.S.C. 4072 ("upon the disallowance by the *Administrator* of any

jurisdiction on the National Flood Insurance Act, 42 U.S.C. § 2001 *et seq.* (Rec. Doc. 1, ¶ 2) Plaintiff asserts that he owned property in Port Sulphur, Louisiana, and that he maintained flood insurance on the property through the NFIP. (Rec. Doc. 1, ¶¶ 4-6) Plaintiff alleges that the insured property suffered substantial damage due to a flood that occurred on September 4, 2011 as a result of Tropical Storm Lee, and that after he submitted a claim and sufficient proof of loss to the NFIP, the NFIP failed to provide payment as required under the policy. (Rec. Doc. 1, ¶¶ 7-13) Plaintiff claims that the NFIP breached the insurance contract and that the NFIP's failure to provide payment was done in a manner that was arbitrary, capricious, and without probable cause, in violation of Louisiana Revised Statutes 22:1892 and 22:1973. (Rec. Doc. 1, ¶ 15-16) Plaintiff seeks to recover his property damages, damages for breach of contract, attorneys fees, costs, and all other general and equitable relief. (Rec. Doc. 1) On December 14, 2012, Defendant filed the instant Motion to Dismiss, or Alternatively, Motion for Summary Judgment, setting it for hearing on January 2, 2013. (Rec. Doc. 9) On December 25, 2013, Plaintiff moved to continue the hearing on Defendant's motion in order to allow further discovery in the case. (Rec. Doc. 10)

---

[claim for losses covered by flood insurance] or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by *the Administrator*, may institute an action against the *Administrator*...").

**PARTIES' ARGUMENTS**

Defendant argues that Plaintiff's breach of contract claim fails, because Plaintiff failed to satisfy the condition in his Standard Flood Insurance Policy ("SFIP") requiring him to submit a sworn proof of loss sixty days after the alleged flood loss. In support of its motion, Defendant provided a declaration under penalty of perjury from Carolyn McGill ("Ms. McGill"), who has been employed as the Insurance Examiner for the NFIP since May of 2006. (McGill Declaration, Rec. Doc. 9-4) In her declaration, Ms. McGill asserts that she is responsible for reviewing NFIP claims and appeals submitted by flood insurance policy holders and that, after reviewing information in the NFIP records system, she located a Residential Form SFIP issue by FEMA through its National Flood Insurance Servicing Agent to provide coverage for Plaintiff's property. (McGill Declaration, Rec. Doc. 9-4, ¶ 4) Ms. McGill states that there are no outstanding, timely, complete proofs of loss for any damage caused by the September 4, 2011 flood. (McGill Declaration, Rec. Doc. 9-4, ¶ 21) According to Ms. McGill, on January 18, 2012, 136 days after the alleged flood loss, Plaintiff's attorney sent an unsigned letter of representation that contained no signed proof of loss, and included only "proposals" without any detailed itemization of costs. (McGill Declaration, Rec. Doc. 9-4, ¶ 9; Rec. Doc. 9-9) Ms. McGill also states that on March 9, 2012, 186 days after the alleged loss, Plaintiff's

4

attorney sent a second letter with the same two proposals and bids for repair that he previously submitted and a signed proof of loss for $68,000. (McGill Declaration, Rec. Doc. 9-4, ¶ 16) Defendant contends that the law is clear that an insured under an SFIP is required to file a timely proof of loss to recover under the policy, and that the requirement is to be strictly enforced. Accordingly, Defendant argues that Plaintiff's failure to strictly comply with the proof of loss requirement in his SFIP precludes his recovery under the policy.

Defendant also argues, relying on <u>Gowland v. Aetna</u>, 143 F.3d 951, 954 (5th Cir. 1998), that Plaintiff is unable to estop FEMA from raising his failure to submit a timely and complete proof of loss as an absolute defense to his breach of contract claim, and that federal courts routinely reject estoppel arguments when an SFIP policy holder fails to submit a timely, complete proof of loss. Defendant further argues, relying on <u>Gallup v. Omaha Property and Casualty Insurance Co.</u>, 434 F.3d 341, 344-45 (5th Cir. 2005) and the provisions of Plaintiff's SFIP, that Plaintiff's state law claims under La. R.S. 22:1892 and 22:1973 are expressly preempted by federal law. Consequently, Defendant contends that Plaintiff's complaint should be dismissed with prejudice.

Plaintiff argues that Defendant's motion should be treated as a motion for summary judgment rather than either a 12(b)(1) or 12(b)(6) motion to dismiss. Plaintiff observes that to date,

Defendant has not filed an answer and the parties have not engaged in any discovery. Plaintiff argues that the Court should continue the hearing on Defendant's motion to allow Plaintiff to conduct discovery that is allegedly necessary to ascertain: (1) what documentation FEMA received and how FEMA processed that documentation, (2) whether waiver and estoppel claims may lie against FEMA as a result of it or its agent's misconduct, and (3) whether there is any other basis for Plaintiff to assert waiver or estoppel against FEMA. Plaintiff asserts that "[i]t is expected that discovery in the instant case will lead to admissible evidence regarding a potential waiver by FEMA or actions satisfying a theory of estoppel under Fifth Circuit precedent." (Rec. Doc. 10-1, 13) Plaintiff also asserts that additional discovery is necessary to investigate the conduct and reasoning of the FEMA-hired inspector and to discover potential misconduct on the part of FEMA and the insurance adjuster.

In reply, Defendant argues that discovery is unnecessary in this case. Specifically, Defendant contends that by failing to identify a proper, timely proof of loss submitted to support his flood claim, Plaintiff has conceded that he never submitted a timely proof of loss, which precludes Plaintiff's recovery under his SFIP.

**DISCUSSION**

**A. Defendant's Motion**

Preliminarily, Defendant has styled its motion as either a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a 12(b)(6) motion to dismiss for failure to state a claim, or a Rule 56 motion for summary judgment. This raises a threshold question about the appropriate standard of review. Defendant suggests that Plaintiff's failure to strictly comply with the proof of loss requirement in his SFIP has the effect of *both*: (1) depriving the Court of subject matter jurisdiction over Plaintiff's breach of contract claim under 42 U.S.C. § 4072,[3] and (2) precluding Plaintiff's recovery under his SFIP. The Court is not persuaded by Defendant's argument that the procedural requirements of Plaintiff's SFIP are conditions precedent to a waiver of the federal government's sovereign immunity. <u>Burns v. Federal Emergency Mgmt. Agency</u>, 84 F. Supp. 2d 839, 842-43 (S.D. Tex. 2000) (noting

---

[3] 42 U.S.C. § 4072, one of the provisions of the National Flood Insurance Act, grants federal district courts original, exclusive jurisdiction over actions against the Administrator of FEMA for disallowance of claims under a SFIP. <u>See</u> 42 U.S.C. § 4072. The provision states:

In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal fo the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and *original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.*

7

that the Fifth Circuit has unambiguously rejected FEMA's contention that failure to comply with the procedural requirements of an SFIP deprives district courts of subject matter jurisdiction and collecting authorities). The Fifth Circuit has held that because a "jurisdictional attack" based on the insured's non-compliance with the proof of loss requirement in his SFIP is intertwined with the merits of Plaintiff's breach of contract claim, it should be construed as either a Rule 12(b)(6) motion to dismiss for failure to state a claim or a Rule 56 motion for summary judgment, rather than a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Reeves v. Guiffrida, 756 F.2d 1141, 1142-43 (5th Cir. 1983). When matters outside of the pleadings are presented to, and not excluded by the Court, the Court must convert a motion to dismiss into one for summary judgment under Rule 56. Young v. Biggers, 938 F.2d 565, 568 (5th Cir. 1991); Pichon v. Nat'l Flood Ins. Program, No. 09-1700, 2009 WL 3353086, at *2 (E.D. La. Oct. 16, 2009). Given that this Court has taken matters outside of the pleadings into consideration, and that Defendant has filed an Alternative Motion for Summary judgment, the Court reviews Defendant's motion under the summary judgment standard. Pichon, 2009 WL 3353086, at *2.

### 1. Legal Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to

8

judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy that initial burden by informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on files, and affidavits, which the moving party believes highlight the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; Colson v. Grohman, 174 F.3d 498, 506 (5th Cir. 1999); Marshall v. East Carroll Parish Hosp. Serv. Dist., 134 F.3d 319, 321 (5th Cir. 1998). Once that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). To satisfy his burden, the non-moving party must set forth affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. Celotex, 477 U.S. at 322-23. The non-moving party cannot satisfy his burden by "some metaphysical doubt as to material facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

## 2. Plaintiff's Breach of Contract Claim

Plaintiff's breach of contract claim relates to claims for flood losses covered by the NFIP.  The NFIP is a federally subsidized program created by Congress pursuant to the National

9

Flood Insurance Act of 1963, 42 U.S.C. § 4001, *et. seq*. The NFIP was created to provide flood insurance due to private insurance companies' inability to provide flood insurance on an economically feasible basis. The law governing recovery for flood loss under the NFIP is well-settled. <u>McGowan v. NFIP</u>, Civ. No. A. 09-1944 (E.D. La. Sept. 11, 2009) (citing <u>Marseilles Homeowners Condominium Ass., Inc. v. Fidelity Nat'l Ins. Co.</u>, 542 F.3d 1053 (5th Cir. 2008); <u>Wright v. Allstate Ins. Co.</u>, 415 F.3d 384, 387-88 (5th Cir. 2005); <u>Gowland v. Aetna</u>, 143 F.3d 951, 954 (5th Cir. 1998); <u>Forman v. FEMA</u>, 138 F.3d 543, 545-46 (5th Cir. 1998)). Regulations governing the NFIP contain provisions that are strictly enforced. In fact, no provision of a SFIP can be waived without the express written consent of the Federal Insurance Administrator. <u>Marseilles</u>, 542 F.3d at1055 (citations omitted). Further, individuals covered by an SFIP policy cannot file a lawsuit under the NFIP unless they have complied with all SFIP provisions. <u>Richardson v. Am. Baners. Ins. Co. of Fla.</u>, 279 F. App'x 295, 298 (5th Cir. 2008) (citing 44 C.F.R. pt. 61, app. A(1) art. VII(R)).

Under the "General Conditions" section of the SFIP, in the event of a flood loss to an insured property, policy holders are required, *inter alia*, to send FEMA a signed, sworn proof of loss within sixty days after the loss. 44 C.F.R. Pt. 61, App. A(1), art. VII(J)(4). The Fifth Circuit Court of Appeals has strictly enforced the proof of loss requirement and held that failure to provide a

10

complete, sworn proof of loss "relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Richardson, 279 F. App'x at 298-99 (citing Gowland, 143 F.3d at 954); see also Marseilles, 542 F.3d at 1056. The Court has therefore rejected claims of substantial compliance and constructive waiver regarding the sworn proof of loss requirement. See, e.g., Richardson, 279 F. App'x 295.

Defendant's motion is supported with a declaration under penalty of perjury from Ms. McGill, the Insurance Examiner for the NFIP, as well a copy of the unsworn letter that Plaintiff's attorney sent FEMA on January 18, 2012, and the NFIP Services Report. (McGill Declaration, Rec. Doc. 9-4; Pivach Ltr. of January 18, 2012, Rec. Doc. 9-9; NFIP Services Report, Rec. Doc. 9-7) In her declaration, Ms. McGill states that she has reviewed information in the NFIP database and that there are no timely, complete proofs of loss for any damage caused to Plaintiff's property by or from a flood on September 4, 2011.[4] (McGill

_____

[4] Ms. McGill also states that on January 18, 2012, 136 days after the alleged flood loss, Plaintiff's attorney submitted a letter of representation that did not contain a signed proof of loss, instead containing only "proposals" without any detailed itemization of the costs. (McGill Declaration, Rec. Doc. 9-4, ¶ 10) In the January 18, 2012 letter, Plaintiff's attorney admits that Plaintiff received a blank proof of loss on November 7, 2011, prior to the expiration of the sixty day period on December 4, 2011 and that Plaintiff did not obtain estimates until December 5, 2011 and December 12, 2011, a few days after the sixty day period had expired. (Pivach Ltr. of January 18, 2012, Rec. Doc. 1-1, p. 1) Moreover, the "proposals" Plaintiff's attorney submitted with the January 18, 2012 letters were unsigned and unsworn. (Pivach Ltr. of January 18, 2012, Rec. Doc. 9-9, p. 3-5) In her declaration, Ms. McGill also states that on March 8, 2012, 186 days after the alleged flood loss, Plaintiff's attorney sent another letter with the same two proposals that were submitted on January 18, 2012 and a signed proof of loss for $68,000. (McGill Declaration, Rec. Doc. 9-4, ¶ 16) Neither of the letters

11

Declaration, Rec. Doc. 9-4, ¶ 21) Plaintiff has not submitted any evidence to counter Ms. McGill's sworn statement that FEMA did not receive a timely, complete proof of loss for any damage to Plaintiff's property caused by or from a flood on September 4, 2011. Because Plaintiff has failed to properly address Defendant's well-supported assertion that he failed to timely submit a complete proof of loss within sixty days of the alleged flood loss as required under the terms of his SFIP, the Court considers the fact undisputed. Fed. R. Civ. P. 56(e). Accordingly, the Court finds that there is no genuine issue of material fact and that Plaintiff is precluded from recovering under his SFIP. Richardson, 279 F. App'x at 298-99 (citing Gowland, 143 F.3d at 954); see also Marseilles, 542 F.3d at 1056; Martyn v. State Farm Fire & Cas. Co., No. 07-4665, 2008 WL 4724315, at *2 (E.D. La. Oct. 24, 2008) (granting summary judgment where it was undisputed that plaintiffs failed to timely submit a signed and sworn proof of loss); Rouhana v. Great Northern Ins. Co., No. 07-5216, at *1-2 (E.D. La. July 24, 2008) (same); Holeman v. Director, Federal Emergency Mgmt. Agency, 699 F. Supp. 98, 99 (N.D. Tex. 1988) (recovery barred where insured failed to furnish a sworn proof of loss within sixty days from the date of the loss).

---

that Plaintiff's counsel submitted to FEMA satisfied the strict proof of loss requirement in Plaintiff's SFIP. Both letters were untimely, as they were submitted more than sixty days after the alleged flood loss, and the January 18, 2012 letter was not signed or sworn, as expressly required in the SFIP.

### 3. Plaintiff's State Law Claims

In addition to his breach of contract claim, Plaintiff asserts state law claims against Defendant under Louisiana Revised Statutes 22:1892 and 22:1973 for failure to timely make a written offer to settle his property damage claim and breach of the duty of good faith and fair dealing. These claims are clearly related to FEMA's handling of Plaintiff's property damage claim under his SFIP.[5] Defendant argues that Plaintiff's state law claims based on claims handling are the exact type of claims that the Fifth Circuit determined were expressly pre-empted in <u>Gallup v. Omaha Property and Casualty Co.</u>, 434 F.3d 341, 344-45 (5th Cir. 2005). Defendant also supports the argument that Plaintiff's state law claims are expressly pre-empted with a provision in Plaintiff's SFIP, which expressly states:

> This policy and *all disputes arising from the handling of any claim under the policy* are governed exclusively by

_____

[5] Louisiana Revised Statute 22:1892 generally provides that insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss, and that all insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proof of loss for the claim. La. R.S. 22:1892(A)(1), (A)(4). The statute further provides that a failure to make such a payment or make a written offer to settle any property damage claim, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty. La. R.S. 22:1892(B)(1). Louisiana Revised Statute 22:1973 imposes a duty of good faith and fair dealing on insurers and provides that an insured may recover any damages that he sustains as a result of his insurer's breach of the duty. La. R.S. 22:1973(A). The statute specifies that an insurer's knowing failure "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause," constitutes a breach of the insurer's statutory duty. La. R.S. 22:1973(B)(5). The insured may recover any general or special damages sustained as a result of the breach as well as penalties. La. R.S. 22:1973(C).

> the flood insurance regulations issued by FEMA, the
> National Flood Insurance Act of 1968, as amended (42
> U.S.C. 4001, et seq.) and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX. (emphasis added).

Plaintiff has failed to address Defendant's express preemption argument. In light of this and the Court's review of the Fifth Circuit authorities bearing on the issue, the Court finds that Plaintiff's state law claims under La. R.S. 22:1973 are pre-empted. In Gallup, the Fifth Circuit reiterated it's earlier holding in Wright v. Alllstate Insurance Co., that "state law tort claims arising from claims handling *by a WYO* are preempted by the National Flood Insurance Act." 434 F.3d at 345. Thus, Plaintiff's state law claims are like the Gallup plaintiff's state law claims for bad faith breach of contract under Louisiana Civil Code Article 1997 and bad faith adjustment under Louisiana Revised Statute 22:1220 in that they clearly arose from claims handling. The only difference between Gallup and this case is that Plaintiff's claims arose from FEMA's claims handling activities rather than those of a Write Your Own ("WYO") insurer. Nevertheless, the Court finds that the difference is immaterial and that Wright and Gallup should logically extend to state law claims against FEMA arising out of FEMA's claims handling, considering that such claims implicate public funds even more directly than state law tort claims arising from claims handling by a WYO. Accordingly, the Court finds that Plaintiff's state law claims arising out of FEMA's handling of his

14

claim under his SFIP are pre-empted by the National Flood Insurance Act.[6]

## B. Plaintiff's Motion to Continue

Plaintiff has urged the Court to defer the hearing on Defendant's Motion for Summary Judgment until Plaintiff has had an opportunity to conduct additional discovery. Plaintiff asserts that no discovery has yet taken place and that additional discovery is necessary to ascertain: (1) what documentation FEMA received and how that documentation and information was processed, and (2) whether there is any basis – such as the misconduct of FEMA or its agent – to argue waiver or estoppel with respect to the proof of loss requirement.[7] The Court disagrees.

"Rule 56 does not require that any discovery take place before summary judgment can be granted." Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990). Under Rule 56(d) of the Federal Rules of Civil Procedure, district courts have *discretion* to defer ruling on a motion for summary judgment or to allow the

---

[6] The Fifth Circuit has not yet addressed whether the provision of the SFIP cited by Defendant, 44 C.F.R. Pt. 61, App. A(1), Art. IX, is effective as an express preemption of state law claims. However, in Wright, the Fifth Circuit did observe that "[w]hile no circuit has yet addressed whether [44 C.F.R. Pt. 61, App. A(1), Art. IX] is effective as an express preemption of state law claims, it can obviously be so argued." 415 F.3d at 390 (citing In re Cajun Elec. Power Coop., Inc., 109 F.3d 248, 254 (5th Cir. 1997) ("Federal regulations have no less pre-emptive effect than federal statutes."); C.E.R. 1988, Inc. v. The Aetna Cas. & Sur. Co., 386 F.3d 263, 269 n. 6, 271 n. 10 (3d Cir. 2004) (stating that "[a]rguably the Policy now contains such [an express] provision" and that "[i]n its current form, the Policy appears explicitly to preempt state law tort suits")).

[7] Plaintiff has not supported his contentions with an affidavit or declaration under penalty of perjury.

nonmovant additional time to obtain further discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Beverly v. Wal-Mart Stores, Inc., 428 F. App'x 449, 451 (5th Cir. 2011) (quoting Fed. R. Civ. P. 56(d)). Although the proper and preferred way for the nonmovant to request additional time for discovery is to present an affidavit or declaration showing that it cannot present facts essential to justify its opposition for specified reasons, an affidavit or declaration is not strictly required, and the nonmovant may simply indicate to the court its need for additional discovery by some equivalent, preferably written statement. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1266-67 (5th Cir. 1991).[8] However, regardless of whether the explanation is given in an affidavit or simply in a written statement:

---

[8] In this case, the Fifth Circuit liberally interpreted an earlier version of Rule 56 to allow a party to move for a continuance of a summary judgment hearing without an affidavit, stating that "[t]he nonmoving party's failure to tailor its request for additional discovery to fit Rule 56(f)'s precise measurements does not necessarily foreclose the court's consideration of the request." Id. at 451. Although Rule 56 have been amended since International Shortstop, Inc., rendering Rule 56(d), rather than Rule 56(f), the applicable rule in this case, it appears that the Fifth Circuit intends for the same liberal principles that guided its interpretation of Rule 56(f) to guide the Court's interpretation of Rule 56(d). In Beverly, a recent unreported case in which the Fifth Circuit interpreted Rule 56(d), the court continued to rely on International Shortstop, Inc., and other precedents interpreting earlier versions of Rule 56, stating that to obtain a continuance of a motion for summary judgment for discovery purposes, a party is only required to "'set forth some statement to the court indicating why additional discovery is necessary...'" Id. at 451 (citations omitted) (emphasis added). Thus, it appears to the Court, in light of Fifth Circuit precedent, that an affidavit or declaration is not strictly required to move for continuance of a motion for summary judgment, despite the language of Rule 56(d).

16

> [t]he nonmoving party must show how the additional
> discovery will defeat the summary judgment motion, that
> is, will create a genuine dispute as to a material fact,
> and 'may not simply rely on vague assertions that
> discovery will produce needed, but unspecified facts.' If
> the additional discovery will not likely generate
> evidence germane to the summary judgment motion, the
> district court may, in its discretion, proceed to rule on
> the motion without further ado.

Id. at 1267 (citations omitted).

The Fifth Circuit "has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." Washington, 901 F.2d at 1285.

The Court finds that any additional discovery with respect to the documents FEMA received, how those documents were processed, and whether there is any basis for Plaintiff to assert waiver or estoppel is likely to be fruitless in this case. Given that (a) Ms. McGill, the NFIP Insurance Examiner, has submitted a declaration under penalty of perjury unequivocally stating that FEMA has not received any timely, complete proofs of loss from Plaintiff, and (b) Plaintiff has failed to submit any affidavit or declaration indicating that he sent FEMA a timely, complete proof of loss, it is highly unlikely that additional discovery will disclose that FEMA received a timely, complete proof of loss from Plaintiff. With respect to waiver, considering that (a) the proof of loss

17

requirement can only be waived by the express consent of the Federal Insurance Administrator under 44 C.F.R. § 61.13(d); (b) Plaintiff should know whether or not he sought and obtained an express waiver from the Federal Insurance Administrator; and (c) Plaintiff has not filed any waiver or any affidavit or declaration indicating that he sought or received an express waiver, it appears highly unlikely that additional discovery on that point would prove fruitful either.

Lastly, because insurance claims under an SFIP are paid from public funds, equitable estoppel arguments are generally foreclosed. Marseilles, 542 F.3d at 1056. Plaintiff has failed to articulate what set of facts he expects to discover that would satisfy an estoppel theory under Fifth Circuit precedent, instead relying on vague assertions that discovery will produce necessary but unspecified facts. These vague assertions are generally insufficient to warrant further discovery. Int'l Shortstop Inc., 939 F.2d at 1267. Moreover, they are particularly suspect in this context given that the law dramatically disfavors estoppel arguments.[9] Because the requested discovery is not likely to adduce

_____

[9] In Richardson v. American Bankers Insurance Co., 279 F. App'x 295 (5th Cir. 2008), the Fifth Circuit rejected an SFIP insured's argument that his WYO insurer should be estopped from invoking the proof of loss requirement on the grounds that the insurer's attorney told the insured over the phone that "proof of loss was not and would not be an issue in this lawsuit." Id. at 297. The Fifth Circuit also recognized that the Supreme Court "'has never upheld an assertion of estoppel against the Government by a claimant seeking public funds.'" Richardson, 279 F. App'x at 291 (quoting Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 421 (1990)). Thus, although estoppel arguments are not categorically precluded, in light of Richmond, it is questionable what set of facts would satisfy the theory under Fifth Circuit precedent.

the facts needed by Plaintiff to withstand Defendant's Motion for Summary Judgment, the Court finds that Plaintiff's Motion to Continue the Hearing on Defendant's Motion should be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Continue the Hearing on Defendant's

Motion for Summary Judgment **(Rec. Doc. 10)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **(Rec. Doc. 9)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 7th day of February, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE